UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| P.P.O and D.O. o/b/o J.O.,<br>PLAINTIFFS,<br>v.<br>CLIFTON PUBLIC SCHOOLS,<br>DEFENDANT. | Civil Action No._____<br><br>**COMPLAINT** |

Plaintiffs P.P.O. and D.O., o/b/o of J.O. (hereinafter "Plaintiffs), by way of Complaint against Clifton Public Schools (hereinafter "Defendant" or the "District"), hereby alleges and says:

## PARTIES

1. Plaintiffs reside at 94 Long Hill Drive, Clifton, New Jersey 07013.  At all times relevant, Plaintiffs' daughter, J.O., is a student within the jurisdiction of the Clifton Public Schools.

2. Clifton Public Schools (hereinafter "Defendant" or "the District") is the local education agency responsible for educating students within its jurisdiction.  Its office is located at 745 Clifton Avenue, Clifton, New Jersey 07013.

## JURISDICTION

3. This action is brought pursuant to the Second Amendment of the United States Constitution, and 42 U.S.C. § 1983.  Jurisdiction is therefore based upon 28 U.S.C. §§ 1331 and 1343.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in New Jersey and all of the events giving rise to Plaintiffs' claims occurred therein.

## STATEMENT OF FACTS

5. P.P.O. and D.O. are the parents of J.O., a student within the Clifton Public Schools' jurisdiction.  At all times relevant, J.O. was a 6th grade student at Woodrow Wilson Middle School.

6. Unfortunately, J.O. endured frequent and persistent bullying at the hands of specific students.  As a consequence of this harassment, J.O. created a list of the aforesaid bullies and placed it within her notebook.

7. On April 5, 2019, a male student who was on the previously mentioned list, gained possession of J.O.'s notebook, and consequently stumbled upon the list of names. Although J.O. was able to retrieve the notebook from the student, two teachers had become aware of the disturbance.

8. After speaking to J.O. about the contents of her notebook, the teachers escorted her to the guidance counselor's office, where the District subsequently characterized the document as a "kill list."  While the District searched J.O.'s backpack for the notebook, it was not found.

9. Upon information and belief, Defendant never saw the list.

10. Nonetheless, the District asked P.P.O. into the office to discuss the incident surrounding J.O.'s notebook.  When she arrived at the school, the District suggested that J.O be taken to a hospital for a psychological evaluation.  However, the location of the hospital, and

the fact that Plaintiffs would have to pay for the visit, made the aforesaid suggestion unfeasible.

11. Deanna Farkas, the District's Student Assistance Counselor, informed Plaintiffs that J.O. would need to see the school psychiatrist before returning to school.

12. The District put J.O. on Home Instruction.

13. On April 8, 2019, Detective Ramirez from the Clifton Police Department called P.P.O., indicating that he had somehow learned that there were registered firearms in the house (a rifle and shotgun used exclusively for hunting, and all properly registered to D.O.). The detective stated that he wanted to come to Plaintiffs' residence to confirm the safety of the weapons.

14. Because D.O., the registered owner of the weapons, was out of town, P.P.O. declined the unnecessary and intrusive inspection. Nevertheless, P.P.O. described to Detective Ramirez where the weapons were located, and the safety precautions taken. For example, the weapons were securely stored and the ammunition was removed from the weapons and placed in a different location.

15. Nevertheless, Detective Ramirez wanted to speak with D.O. After speaking with D.O. and receiving the same information relayed by P.P.O., the detective informed his supervisor of the situation, who ultimately determined that there was no reason to search Plaintiffs' home.

16. On April 10, 2019, Detective Ramirez informed Plaintiffs that the "investigation" was over.

17. As previously mentioned, J.O. had to undergo a psychological evaluation before being allowed to return to school. Therefore, she was evaluated by the District's psychiatrist

on April 24, 2019. At the conclusion of the examination, the clinician drafted a letter to the District stating that J.O. could go back to school, as she posed no threat to herself or others.

18. However, on April 26, 2019, Deanna Farkas informed P.P.O that Principal Maria Romeo had determined that J.O. would remain on Home Instruction for the remainder of the academic year.

19. Considering that the District's psychiatrist had evaluated and cleared J.O., P.P.O. asked why J.O. was prohibited from returning to school. Instead of a response, Deanna Farkas informed P.P.O that she would need to speak to the principal about it, as the administration has discretion to allow a student to return, regardless of the clinician's opinion.

20. In an attempt to further prove that J.O. posed absolutely no threat to the school community, P.P.O. contacted Detective Ramirez and asked that he visit the home to confirm the security of the weapons. However, because the detective's superior determined that a search was not necessary, he refused the invitation.

21. On April 29, 2019, Principal Romeo told P.P.O. that J.O. was prohibited from returning to school because the teachers felt unsafe around her. Consequently, P.P.O. explicitly asked Principal Romeo if J.O. was not allowed to return because there are weapons in the house, to which she replied "yes."

22. On or about April 30, 2019, P.P.O. submitted a letter to the District's Board of Education, detailing the school's unlawful conduct, and seeking its assistance. Three of the Board members informed P.P.O. that they could do nothing for J.O. As of the date of this filing, the Board of Education has yet to officially respond to P.P.O.'s correspondence.

23. Based on the District's conduct, Plaintiffs realized that if they did not surrender or otherwise get rid of their weapons, J.O. would be unable to return to school .

24. Upon information and belief, the District prohibited J.O. from attending school because her parents lawfully possessed guns.

25. As a result, the District denied J.O. access to in-person learning until September 2019, the beginning of the new academic year.

26. During her period of "home instruction," J.O.'s "education" consisted of packets, with no instructions on how to submit them for grading (with the exception of Physical Education). In fact, J.O. never rendered any of these packets to the District for review. Nevertheless, J.O. received passing grades and was promoted to the 7th grade.[1]

27. Therefore, for approximately three (3) months, J.O. essentially received no education.

28. J.O returned to school in September 2019. Despite being denied an education for approximately three (3) months due to an alleged safety threat, Plaintiffs were not required to fill out any documents, never asked to visit with the administration, nor were there any communications whatsoever pertaining to Plaintiffs' guns, which remained in the home.

29. Thus, the District allowed J.O. to return to school *sans* fanfare, despite the fact that the only discernible change was to the academic calendar and that approximate six (6) months had elapsed.

30. When J.O. returned to school in September 2019, the District's personnel harassed her.

31. For instance, Detective Ramirez, who also moonlighted as the school resource officer, made it a point to single J.O. out while with her friends, which made J.O. feel

---

[1] Mr. Ong, the home instruction teacher assigned to J.O., never provided her with any work, nor did he retrieve any completed assignments.

uncomfortable. Additionally, teachers and administrators began to nit-pick behavior that was ordinarily excused, resulting in disciplinary infractions.

32. Prior to this time, J.O. had no disciplinary history to speak of.

## CAUSES OF ACTION

### COUNT ONE

### VIOLATION OF THE NEW JERSEY CONSTITUTION, ARTICLE VIII, § 4

33. Plaintiffs repeat and reallege each and every allegation as if set forth in full herein.

34. Pursuant to Article VIII, § 4, of the New Jersey Constitution, every child possesses a fundamental right to a "thorough and efficient education."

35. Therefore, Defendant's decision to unreasonably deny J.O. the ability to obtain in-person learning (once cleared to do so), resulted in J.O. essentially receiving no education for approximately three months.

36. Because J.O was denied the thorough and efficient education that she is entitled to, Defendant has violated J.O.'s constitutional rights pursuant to the New Jersey Constitution.

### COUNT TWO

### VIOLATION OF THE SECOND AMENDMENT OF THE UNITED STATES CONSTITUTION

37. Plaintiffs repeat and reallege each and every allegation as if set forth in full herein.

38. In relevant part, the Second Amendment of the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

39. Defendant's decision to prohibit J.O. from returning to school was solely based on the fact that Plaintiffs' legally possessed weapons, pursuant to their rights afforded to them by the Second Amendment of the United States Constitution.

40. Consequently, Plaintiffs' unwillingness to remove the weapons from their home led to the District's unreasonable determination to deny J.O. access to in-person learning,

41. Thus, Defendant's conduct had a chilling effect on Plaintiffs' well established right to bear arms.

42. Therefore, Defendant has violated Plaintiffs' Second Amendment rights.

## COUNT THREE
## VIOLATION OF 42 U.S.C. § 1983

43. Plaintiffs repeat and reallege each and every allegation as if set forth in full herein.

44. In relevant part, 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

45. Upon information and belief, Principal Romeo determined that J.O. should not be allowed to return to school, although she abided by Defendant's request for a psychological evaluation and was cleared by its own clinician.

46. Principal Romeo, as an employee of the District, acted under color of law when she made the decision to deny J.O. access to in-person learning because Plaintiffs' lawfully possessed weapons in their home.

47. As a result, Principal Romeo's conduct had a chilling effect on Plaintiffs' well established right to bear arms.

48. Therefore, Principal Romeo's conduct deprived Plaintiffs of their Second Amendment rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

a. General damages in an amount to be determined by proof at trial;

b. Punitive damages in the amount of five times compensatory damages awarded;

c. Costs of this action, including reasonable attorneys' fees; and

d. And any other further relief that this Court considers just and proper.

JOHN RUE & ASSOCIATES, LLC
Attorneys for Plaintiffs
P.P.O and D.O., o/b/o J.O

By: *s/ John D. Rue*
John D. Rue

Dated: April 5, 2021

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

1. I certify that to the best of my knowledge, this matter is not related to any other action pending in any court, or of any pending arbitration or administrative proceeding, and no such action is contemplated.

Dated: April 5, 2021                                              By: **_s/ John D. Rue_**
                                                                                     John D. Rue

## **DESIGNATION OF TRIAL COUNSEL**

John D. Rue, of John Rue & Associates, LLC, is hereby designated trial counsel.

                                                                                     John D. Rue
                                                                                     Attorney I.D. No. 047032005
                                                                                     John Rue & Associates, LLC
                                                                                     1 Fairview Avenue, Ste. 14
                                                                                     Phillipsburg, NJ 08865

Dated: April 5, 2021                                              By: **_s/ John D. Rue_**
                                                                                     John D. Rue
                                                                                     *Attorney for Plaintiffs*